UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. MIDDLEBROOKS and EIA ALL WEATHER ALPHA FUND I PARTNERS, LLC,<br><br>    Defendants, and<br><br>EIA ALL WEATHER ALPHA FUND I, LP, EIA ALL WEATHER ALPHA FUND PARTNERS II, LLC, and SHOP STYLE SHARK, LLC.<br><br>    Relief Defendants. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>UNDER SEAL |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO FILE PAPERS UNDER SEAL AND BRIEF IN SUPPORT**

Plaintiff United States Securities and Exchange Commission ("SEC") moves the Court, under Local Rule 5.3(b), to seal, on a temporary basis, the entire record in this matter, including

(1) SEC's Motion to File Papers Under Seal and Brief in Support;

1

(2) Civil Cover Sheet and Summonses;

(3) Complaint;

(4) SEC's *Ex Parte* Emergency Motion for a Rule 65(b)(1) Temporary Restraining Order, an Asset Freeze, and other Emergency Ancillary Relief ("TRO Motion");

(5) Rule 65(b)(1) Certification;

(6) Proposed Temporary Restraining Order, Asset Freeze Order, and Order Providing Other Emergency Relief;

(7) Brief in Support of TRO Motion and attached declarations and exhibits thereto;

(8) Notices of Appearance; and

(9) Any other filings (collectively, the "Case File")

until the Court rules on this motion and the SEC's TRO Motion and, if the Court grants the TRO Motion, until the SEC can effectuate the asset freeze requested in its proposed order and moves the Court to unseal this matter or the passage of five days after entry of an asset freeze order, whichever occurs first.[1] The SEC's

---

[1] Due to the emergency nature of this action, and for the reasons we request to file under seal, we have not contacted Defendants and Relief Defendants to determine if they object pursuant to Local Rules 5.3(b)(3)(A)(i) and 7.1(a). Additionally, as required by Local Rule 5.3(b)(3)(A)(iii), we note that none of the proposed sealed material was designated as "confidential" under a protective order.

proposed order, among other things, requires Defendants to cease their ongoing securities fraud and that Defendants' and Relief Defendants' assets be frozen pending an accounting and further disposition of the Court. Once the requested order is issued and served on non-parties that have access to and control of Defendants' and Relief Defendants' assets and the SEC has confirmed that the asset freeze is effectuated, the SEC will move to lift the seal as to all filings. A brief in support of this motion is filed below.

For the reasons stated in the brief below, and the filings identified above, the SEC requests that the all documents filed in connection with this matter be filed under seal (but can be shared with financial institutions and other law enforcement and regulatory agencies), pending further order of the Court, so that the SEC may freeze Defendants' and Relief Defendants' ill-gotten gains without their knowledge so that they do not dissipate investor assets. The SEC attaches a proposed order to this motion and will send an editable proposed order in accordance with the Court's rules.

## BRIEF IN SUPPORT OF SEC'S MOTION TO FILE PAPERS UNDER SEAL

In this action filed today, the SEC seeks an *ex parte* emergency temporary restraining order, an order freezing assets, and other emergency ancillary relief in order to halt an ongoing offering fraud and to prevent the dissipation of investors' funds. As described more fully in the SEC's Complaint and the brief in support of the SEC's TRO Motion, from at least mid-2017 through present (the "Relevant Period"), Defendants Middlebrooks, and his company EIA, both of whom are investment advisers, defrauded investors out of millions of dollars. They raised over $39 million from at least 100 investors for his fund, EIA All Weather Alpha Fund I, LP ("the Fund"). During this time, EIA and Middlebrooks made false and misleading statements to Fund investors and prospective investors concerning, among other things, the Fund's performance and the existence of audited financials. Specifically, almost since inception, EIA and Middlebrooks represented to investors and prospective investors that the Fund had extremely successful trading performance, when, in reality, the Fund suffered substantial losses trading at EIA's and Middlebrooks's direction. Additionally, since inception, EIA and Middlebrooks falsely represented that the Fund had an auditor and would provide audit reports to investors. In reality, the Fund did not have an engagement with an auditor as represented and, in early 2022, EIA and Middlebrooks fabricated Fund

4

financial statements and an audit report and provided them to existing and prospective Fund investors. Moreover, EIA and Middlebrooks made over $9 million in Ponzi-like payments to investors and misused and misappropriated investor money.

This conduct is continuing. As recently as this April, EIA and Middlebrooks accepted additional investor money, made Ponzi-like payments, and otherwise misused investor money.

The SEC has identified a number of bank and brokerage accounts held in the name of Defendants and Relief Defendants that it requests be frozen so that the SEC may preserve those assets as a source of disgorgement for Defendants' fraud. If the Case File is not temporarily sealed, Defendants and Relief Defendants may learn of the SEC's action and take steps to further misappropriate or dissipate investor funds before an asset freeze can be secured and put into place at the banks and other financial institutions holding investor funds, resulting in serious injury to investors. The SEC respectfully requests that its TRO Motion be heard immediately, and that all papers filed therewith be allowed to be filed temporarily under seal, so that the SEC may freeze Defendants' and Relief Defendants' ill-gotten gains without their knowledge.

Courts have the discretionary power to seal its records and files. *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Local Rule 5.3(b) governs civil material filed under seal. *See In re Flint Water Cases*, 2021 WL 744945, at *1 (E.D. Mich. Jan. 15, 2021). The court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* (citing L.R. 5.3(b)(3)(B)(i)). "The Court must make its decision based on the following three factors: why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

Here, the factors support an order filing under seal. The interests in support of non-disclosure are to protect investor assets from further dissipation from the Defendants' actions and the seal is limited to a short time frame to permit the SEC time to effectuate the asset freeze. *See SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (noting "danger of impairing law enforcement and judicial efficiency" as primary countervailing factor to presumption of public access). In emergency actions alleging securities fraud similar to this case, courts have temporarily sealed the entire case file until asset freezes were implemented to prevent the misappropriation or dissipation of investors' assets. *See, e.g., SEC v.*

6

*McKnight et al.*, No. 2:08-cv-11887, ECF No. 4 (E.D. Mich. May 5, 2008) (order granting SEC's motion to file its emergency action and related supporting documents temporarily under seal).

For the foregoing reasons, the SEC respectfully asks that the Court seal the entire case file until the earlier of (i) five days after entry of an asset freeze order or (ii) such time that this Court's asset freeze and other orders have been served on and implemented by the financial institutions with custody over Defendants' and Relief Defendants' assets and the SEC files a motion to unseal. The SEC may share, at any time, filings in this matter with: (i) financial institutions and (ii) other law enforcement and regulatory agencies. The SEC may move this Court to extend the duration of the seal, if appropriate. The SEC also asks that the Court grant such other and further relief as the Court deems just and proper.

Dated:  May 18, 2022               Respectfully submitted,

                                         By:   *s/ Zachary T. Carlyle*
        Zachary T. Carlyle
        Kenneth E. Stalzer
        U.S. Securities and Exchange Commission
        1961 Stout Street, Suite 1700
        Denver, CO 80294-1961
        Telephone: 303.844.1084 (Carlyle)
                        303.844.1055 (Stalzer)
        Email:       carlylez@sec.gov
                    stalzerk@sec.gov
        *Attorneys for Plaintiff*
        *U.S. Securities and Exchange Commission*

        Local Counsel For Plaintiff
        DAWN N. ISON
        United States Attorney

        Susan K. DeClercq (P60545)
        Assistant United States Attorney
        U.S. Attorney's Office – Eastern District of Michigan
        211 West Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-9149
        (313) 226-3271 (facsimile)
        Susan.declercq@usdoj.gov