UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES
SECURITIES AND EXHANGE
COMMISSION,

        Plaintiff,

   -v-                                   Case No. 22-cv-11073

                                         Hon. Bernard A. Friedman

ANDREW M. MIDDLEBROOKS,

        Defendant.
_____/

## MOTION TO UNFREEZE UNTAINTED ASSETS FOR REASONABLE LIVING EXPENSES AND TO PAY CRIMINAL COUNSEL OF CHOICE AND BRIEF IN SUPPORT THEREOF

      Defendant Andrew Middlebrooks, by and through his undersigned counsel, hereby moves the Court to unfreeze a personal bank account that is untainted by any alleged fraud so that he can pay his "reasonable living expenses" and his criminal counsel of choice in his impending federal criminal case.  Specifically, defendant seeks access to his funds currently frozen in his personal JP Morgan Chase bank account, number xxxxx1306.  This account contains approximately $16,000 of Mr. Middlebrooks' money that was not funded by any investor funds at issue in this case and is untainted by any alleged fraud.  Rather, the money is the direct result of a

1

personal loan that Mr. Middlebrooks took out just before the SEC action was filed. Defendant seeks authorization to access this money to pay for necessary living expenses during the pendency of his criminal case, as well as to pay towards the cost of his criminal counsel. Counsel for the SEC has refused to concur in the relief requested in this motion.

### I.   Introduction and Background

In the spring of this year, shortly after Andrew Middlebrooks self-reported to the U.S. Attorney's Office his concealing from investors losses sustained by his hedge fund, the SEC instituted this pending action. Mr. Middlebrooks was subsequently debriefed by AUSA Karen Reynolds and her FBI case agent, to whom he provided truthful and complete statements about his conduct and culpability. Mr. Middlebrooks provided to Ms. Reynolds and the FBI access to all of his emails and financial records and continues to cooperate when requested. He also agreed to forfeit his personal vehicle, which the government has seized and taken ownership.

On May 27, 2022, in the spirit of continuing his cooperation with the federal government (and rather than litigate against the same government whom he is trying to help), Mr. Middlebrooks consented to a Temporary Injunction Order urged by the SEC in this case. On June 1, 2022, this Court entered the Stipulated

Order Granting Preliminary Injunction, Asset Freeze, and Other Relief (ECF No. 26). A critical part of that agreed-upon order is contained in paragraph IV. on page 7-8 of the stipulated order. While the order freezes Mr. Middlebrooks' bank accounts, it does so **"with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard…"** (ECF No. 26; PageID.2187-88).

Mr. Middlebrooks has good cause to move the court for such reasonable living expenses and does so by this motion.

The Court's stipulated order of June 1, 2022, froze eleven bank accounts belonging to Mr. Middlebrooks. One of those accounts, however, has no association with investor funds or money from the hedge fund. In April 2022, prior to the SEC action at bar, Mr. Middlebrooks took out a personal loan, a portion of which went into JPMorgan Chase account xxxx1306, a personal bank account in Mr. Middlebrooks' name (the "personal account."). There is a current balance in the personal account of $16,272.98, which represents money borrowed in April by Mr. Middlebrooks.

The fact that the personal account is unconnected to the alleged fraud is a fact well-known to the SEC, as that entity has examined all of Mr. Middlebrooks'

financial records and those of his entities. Indeed, the SEC continues to seek updates on bank accounts connected to Mr. Middlebrooks, as evidenced by its recent motion and its bank subpoenas issued to PNC bank (consented to by Mr. Middlebrooks) issued on September 9, 2022.

    Mr. Middlebrooks has had no income flowing to him since the SEC action in early spring of this year. For the past six months, Mr. Middlebrooks has scraped by on the generosity of his parents and mother-in-law, which has been extraordinary but financially taxing on them and cannot continue indefinitely. Mr. Middlebrooks lives in a home owned by his mother-in-law and is not able to pay her any rent. He is unable to pay his utilities. His parents provided him one of their vehicles after Mr. Middlebrooks voluntarily forfeited his car to the government per the government's request in advance of the filing of the criminal Information.

    Moreover, his parents provided Mr. Middlebrooks a credit card for use in making his essential purchases, such as gas and groceries. That credit card recently hit its max limit and Mr. Middlebrooks is unable to provide any money to pay it down. He is now in a position now where he needs to come up with money to pay his living expenses. With criminal charges expected to be filed in the next week by the U.S. Attorney's Office, Mr. Middlebrooks should also be able to

access his personal account to pay the costs of his criminal attorney of choice, as that is his constitutional right under the Sixth Amendment. *See Luis v. United States,* 578 U.S. 5, 9 (2016) (pretrial restraint of a criminal defendant's legitimate, untainted assets needed to pay counsel of choice violates his Sixth Amendment right to counsel).

It should be noted that Mr. Middlebrooks has been trying to obtain new employment and has so far been unsuccessful. He has applied for a plethora of remote jobs online. Some applications have been fruitless. With others, employers have not yet responded. Mr. Middlebrooks also applied for hourly jobs for which he is overqualified, among them Door Dash and Uber Eats. Both of these companies told Mr. Middlebrooks that they did not have a need for drivers currently in Mr. Middlebrooks' area of Texas. Mr. Middlebrooks will continue to seek out employment, but he needs money in the meantime to pay his living costs and attorney fees.

The items that Mr. Middlebrooks needs to pay for going forward (assuming his free stay at his mother-in-law's house and borrowed car from his parents continues) include: 1) groceries; 2) utilities; 3) gas; 4) health insurance; 5) attorney's fees for criminal counsel; 6) dog expenses for two dogs; 7) rent to mother-in-law; 8) internet and cable; 9) telephone costs; 10) clothing; 11) repayment of parents for

5

living costs to date; and 12) life insurance premiums.

## II. Applicable Law and Argument

District courts have the authority in a securities fraud case to temporarily freeze assets to preserve the status quo by preventing the dissipation and diversion of assets. *S.E.C. v. Forte,* 598 F.Supp.2d 689, 692 (E.D. Pa 2009). The authority to freeze a defendant's assets "*carries with it the corollary authority to release frozen personal assets*, or lower the amount frozen." *Id.* (emphasis added, internal citations omitted).

Courts have properly unfrozen assets where they were "demonstrably not the product of the defendant's alleged fraud." *Id.* at 693. Here, as the SEC will likely agree, the money in Mr. Middlebrooks' personal account is not the product of the alleged fraud. Indeed, it could not have been, as it was the direct result of a personal loan taken out by Mr. Middlebrooks *after deciding to self-report to the government*.

There is good cause here to allow Mr. Middlebrooks access to his untainted funds. As explained above, Mr. Middlebrooks' courtesy credit card from his parents is maxed out. Mr. Middlebrooks needs to carry his own financial burden going forward. But he is unemployed, looking for work. He should be afforded access to the personal account because the money in it "belongs to the defendant, pure and simple." *Luis,* 578 U.S. at 12.

### III. Conclusion

This Court should unfreeze Mr. Middlebrooks personal account in its entirety and allow him to use the money to pay his living costs going forward and to pay towards his criminal counsel of choice. In addition to his being entitled to the untainted money as "reasonable living expenses" under the Court's June 1, 2022 order, he is constitutionally entitled to access the money to pay his criminal counsel of choice under Supreme Court precedent in *Luis, supra,* 578 U.S. at 9.

Dated: September 21, 2022      Respectfully submitted,

/s/ *R. Michael Bullotta*

_____
R. MICHAEL BULLOTTA
Bullotta Law PLLC
Counsel for Andrew Middlebrooks
615 Griswold St., Ste. 1620
Detroit, Michigan 48226
(313) 400-5776
michael@bullottalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of all of the parties in this matter.

Respectfully submitted,

/s/ *R. Michael Bullotta*
R. MICHAEL BULLOTTA

Dated: September 21, 2022